

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/6/2025

## MEMORANDUM ENDORSED

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**John Doody**
Phone: (212) 356-4362
johdoody@law.nyc.gov

August 6, 2025

<u>**VIA ECF**</u>

Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

   Re: Crespo v. New York City Department of Education, et. al
    Case No: 25-cv-03507-GHW

Dear Judge Liman:

  I am an Assistant Corporation Counsel representing the New York City Department of Education ("Defendant") in the above-referenced action. I write jointly with Plaintiff's counsel, Rory J. Bellantoni, Esq., to provide the Court with the Parties' positions regarding the initial pre-trial conference ("IPTC") scheduled for Wednesday, August 13, 2025, at 12:00 p.m. As further explained below, the Parties respectfully request that the IPTC be adjourned *sine die*.

  As this matter is an appeal of an administrative decision centered on whether Plaintiff's unilaterally placement was appropriate for the 2022-2023 and 2023-2024 school years, the Parties agree that an IPTC and/or mediation would be unnecessary. The Parties believe this matter can be resolved through motions for summary judgment based upon the certified administrative record. Both parties have received a copy of the certified record.

  In light of the foregoing, the Parties propose the following briefing schedule for the Parties' respective motions for summary judgment.

  September 30, 2025: Plaintiff to file their notion for summary judgment;

  October 30, 2025: Defendant to file its cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment;

December 1, 2025: Plaintiff to file their opposition to Defendant's cross-motion and reply.

December 29, 2025: Defendant to file its reply in further support of its cross motion, if any.

Please also find attached hereto the Parties' Joint Civil Case Management Plan and Scheduling Order. Kindly note that the Parties agree that no formal discovery is required beyond filing the certified administrative record.

Moreover, it is also respectfully submitted that because the inquiry here is not whether there are disputed issues of fact, the Rule 56.1 statements should be waived. While in IDEA actions, "the parties and the court typically style the decision as a ruling on a motion for summary judgment, [] 'the procedure is in substance an appeal from an administrative decision, not a summary judgment motion.'" *Bd. Of Educ. v. C.S.*, 990 F.3d 156, 165 (2d Cir. 2021) (quoting *M.H. v N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012). Because the Parties' motions will be based solely on the administrative record, the Parties jointly and respectfully request that the Court waive the submission of 56.1 statements.

Thank you for your consideration in this matter.

Very truly yours,

*John Doody*

John Doody
Assistant Corporation Counsel

cc: Plaintiff's counsel (via ECF)

Application denied without prejudice. This case has been referred to the assigned magistrate judge for general pretrial matters and dispositive motions. *See* Dkt. No. 7. Therefore, the parties' application should be addressed to Judge Wang, rather than Judge Woods (or Judge Liman). The Clerk of Court is directed to terminate the motion pending at Dkt. No. 16.
SO ORDERED.

Dated: August 6, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge

2