THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**Madison M. Moore**
Assistant Corporation Counsel
Phone: (212) 356-4362
madmoore@law.nyc.gov
(not for service)

**MEMO ENDORSED.**

October 7, 2026

**VIA ECF**

Honorable Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Crespo v. Aviles-Ramos*, 25-cv-03507(GHW)(OTW)

Dear Judge Wang:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of new York, attorney the New York City Department of Education and Melissa Aviles-Ramos, in her official capacity, as Chancellor of the New York City Department of Education (collectively, "Defendants") in the above-referenced action. I write jointly with Plaintiff's counsel, to provide the Court with the Parties' proposed summary judgment briefing schedule in accordance with Your Honor's Order dated September 30, 2026 (ECF No. 30).

This matter is an appeal of a state review officer. The Parties agree that an IPTC and/or mediation would be unnecessary. The Parties believe this matter can be resolved through motions for summary judgment based upon the certified administrative record.

In light of the foregoing, the Parties propose the following briefing schedule for the Parties' respective motions for summary judgment.

**November 5, 2026**: Defendants to file their motion for summary judgment;

**November 19, 2026**: Plaintiff to file its cross-motion for summary judgment and opposition to Defendants' motion for summary judgment;

**December 3, 2026**: Defendants to file their opposition to Plaintiff's cross-motion and reply.

**December 17, 2026**: Plaintiff to file its reply in further support of its cross motion, if any.

Moreover, it is also respectfully submitted that because the inquiry here is not whether there are disputed issues of fact, the Rule 56.1 statements should be waived. While in IDEA actions, "the parties and the court typically style the decision as a ruling on a motion for summary judgment, [] 'the procedure is in substance an appeal from an administrative decision, not a summary judgment motion.'" *Bd. Of Educ. v. C.S.*, 990 F.3d 156, 165 (2d Cir. 2021) (quoting *M.H. v N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012). Because the Parties' motions will be based solely on the administrative record, the Parties jointly and respectfully request that the Court waive the submission of 56.1 statements.

Further, in light of the highly sensitive information concerning minor Student-Plaintiff B.T. contained in the certified administrative record, including educational and medical information, as well as its size, totaling over 800 pages, the parties respectfully request that the Court permit the certified administrative record to be filed under seal to protect the Student's privacy, consistent with the privacy protections afforded by the IDEA and FERPA.

Thank you for your consideration in this matter.

Respectfully submitted,

*Madison M. Moore*
Madison M. Moore
Assistant Corporation Counsel

- Defendants are directed to to file their motion for summary judgment by **November 5, 2026.**
- Plaintiff is directed to file its cross-motion for summary judgment and opposition to Defendants' motion for summary judgment by **November 19, 2026.**
- Defendants are directed to file their opposition to Plaintiff's cross-motion and reply by **December 3, 2026.**
- Plaintiff is directed to file its reply in further support of it its cross motion, if any by **December 17, 2026.**

Parties must file Rule 56.1 statements. Parties' request to file the certified administrative record under seal is **GRANTED.**

**SO ORDERED.**

Ona T. Wang October 8, 2026
U.S.M.J.